IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 25-mj-158 |
| EDWIN JONATHAN RODRIGUEZ, : | |
| : | |
| *Defendant*. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that defendant Edwin Rodriguez be detained pending trial. The government seeks the defendant's detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) (Serious Drug Felony) and 3142(f)(1)(E) (felony involving a firearm or destructive device). A rebuttable presumption of detention under 18 U.S.C. §§ 3142(e)(3)(A) and (B) applies based on the grand jury's indictment, which includes an offense under 18 U.S.C. § 924(c) and a narcotics trafficking charge with a potential sentence of greater than 10 years of incarceration.

**FACTUAL BACKGROUND**

On Tuesday, August 19, 2025, officers from the First District Crime Suppression Team, with support from federal partners, were conducting routine patrol in an unmarked vehicle, in the 800 block of Maine Ave SW at approximately 1956 hours. While patrolling, officers observed a white Lexus traveling eastbound in the 900 block of Maine Ave SW. Officers also noted the Lexus did not have a license plate affixed to the front bumper. The rear tag, "6F A 1517 MD," was run through law enforcement databases and was confirmed to be registered to the vehicle.

Officer Clermont approached the driver's side door and made contact with the Defendant, Mr. Edwin Rodriguez. During the initial interaction, Officer Clermont requested the Defendant's

1

license, registration, and proof of insurance. While the Defendant retrieved his wallet, officers observed a visible Maryland concealed carry permit.

Officers asked the Defendant if he had a firearm in the vehicle, to which he responded yes, and subsequently stated that it was inside a bag in the back floorboard of the vehicle. Officers requested the Defendant to step out of the vehicle. The Defendant ultimately complied and was detained. Officers then conducted a search of a black Louis Vuitton crossbody bag located on the rear floorboard, where they recovered the following firearm:

- Make: Glock
- Model: 43
- Color: Black
- Caliber: 9mm
- Magazine: 10-round capacity (10 rounds in magazine + 1 in chamber)
- Serial Number: BTFS128

Officers ran the etched serial number through law enforcement databases, which confirmed that the firearm was not registered in the District of Columbia. Additionally, a search of the Defendant through law enforcement databases revealed that he did not possess a license to carry a firearm in the District of Columbia. Further, officers recovered two magazines from the same black bag: One (1) large capacity magazine containing nineteen (19) 9mm rounds, and one (1) 10-round magazine containing ten (10) 9mm rounds.

The recovered firearm appeared to be fully functional, designed to expel a projectile by the action of an explosion, had a barrel length of less than 12 inches, and is capable of being fired with one hand.

Officers also recovered the following items from the vehicle:

- A large vacuum-sealed bag containing a green leafy substance, consistent with marijuana, located on the front passenger-side floorboard. A field test of the substance yielded a positive result for THC. The bag weighed 17.92 oz.
- From a black cloth bag on the front passenger seat:
    - (6) Muha Med vape pens (various flavors, containing THC)
    - (6) Boutiq Switch vape pens (various flavors, containing THC)
    - (2) Orange-labeled "Ace Ultra Premium" vape pens (containing THC)
    - (2) "Live Diamonds" vape pens (containing THC)
- An assortment of clear sandwich baggies and a grinder recovered from the glove compartment.
- From a gray and black cooler located in the trunk, officers recovered:
    - (2) Clear mason jars
    - (1) Black digital scale with batteries
    - (17) Silver zips
    - (2) Large clear Ziplock bags containing smaller clear zip bags with green leafy substance. Officers conducted a field test of the green leafy substance which also yielded a positive result for THC. Total weight: 2.49 oz.

Therefore, the Defendant possessed approximately six times the legal amount of marijuana allowed for mere possession in the District of Columbia and had additional evidence of the intent to distribute in the form of zip lock bags used for packaging, a grinder, and a digital scale used to weigh narcotics.

**PROCEDURAL BACKGROUND**

On August 22, 2025, the defendant was charged by Complaint for violations of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Possession with Intent to Distribute less than 50 kg of Marijuana) and 18 U.S.C. § 924(c) (Using, Carrying, and Possessing a Firearm in Furtherance of a Drug Trafficking Offense). Law enforcement arrested the Defendant on these charges on August 22, 2025. He had his initial appearance before the Honorable Magistrate Judge Moxila A. Upadhyaya that same day. The Court granted the government's oral motion for temporary detention and set the defendant's detention hearing for August 26, 2025.

**LEGAL STANDARD**

The Bail Reform Act requires pretrial detention where a court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §§ 3142(e), (f). In making that determination, a court must consider "(1) the nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. § 3142(g). Upon motion of the government, the court may detain a defendant before trial in a case that involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46," *id*. § 3142(f)(1)(C), or "any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm or destructive device . . ." *Id*. § 3142(f)(1)(E).

Here, there is a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A) and (B) based on probable cause to believe that the Defendant committed violations of 21 U.S.C. §

4

841 and 18 U.S.C. § 924(c)(1). Accordingly, "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" the predicate offense. *Id*. § 3142(e)(3). The Complaint, standing alone, constitutes probable cause that the person charged committed the offenses charged and is "enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community." *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *accord United States v. Williams*, 903 F.2d 844, 844 (D.C. Cir. 1990).

As the D.C. Circuit has explained, "the presumption operate[s] *at a minimum* to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). But even if the burden of production is met, the presumption "does not disappear entirely," but rather "remains a factor to be considered among those weighed by the district court." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). The government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight – even where it is presumed that those standards are satisfied. Relevant to that ultimate determination are the usual factors under 18 U.S.C. § 3142(g) – namely: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's past conduct and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Detention pending trial must be ordered if the court finds by clear and convincing evidence that "no conditions placed upon [the defendant's] release would reasonably assure the safety of the community." *Smith*, 79 F.3d at 1209. A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of other persons or the community. *See* 18 U.S.C. § 3142(f). Therefore, the government respectfully submits that the Court must detain the Defendant before trial.

## ARGUMENT

A.  Nature and Circumstances of the Offense Charged

The nature and circumstances of the offense weigh heavily in favor of detention. Not only are the charges against the Defendant serious crimes with an inherent risk of danger to the community, the particular circumstances concerning the offenses underscore the threat he poses to public safety. As courts in this district have concluded, the combination of drug distribution and the illegal possession of firearms and ammunition presents a serious danger to public safety. *See, e.g.*, *United States v. Lewis*, No. CR 24-144 (LLA), 2024 WL 3581502, at *2 (D.D.C. July 29, 2024); *United States v. Carr*, No. CR 22-289 (RDM), 2022 WL 13947798, at *4 (D.D.C. Oct. 22, 2022); *United States v. Taylor*, 289 F. Supp. 3d 55, 64 (D.D.C. 2018). Moreover, "[t]he [Bail Reform Act's] statutory language, as well as the legislative history, unequivocably establishes that Congress intended to equate traffic in drugs with a danger to the community." *United States v. Strong*, 775 F.2d 504, 506 (3d Cir. 1985); *see United States v. Alatishe*, 768 F.2d 364, 370 n.13 (D.C. Cir. 1985).

The Defendant has been complainted for Possession With Intent to Distribute Marijuana, as well as, and even more concerning, the Possession of a Firearm in Furtherance of Narcotics

6

Trafficking. The Defendant's involvement in the trafficking of marijuana, particularly in combination with firearms, demonstrates the extent of his dangerousness to the community. *See Lewis*, 2024 WL 3581502, at *2 (finding that the nature and circumstances weighed in favor of detention where "[t]he evidence suggests that [the defendant] possessed the firearm while potentially selling marijuana").

The Defendant apparently has ready access to firearms and ammunition. He had one gun and forty rounds of ammunition with him, including an extended magazine, when law enforcement searched his car. As one court has noted, "[a]n extended magazine allows the firearm to carry more ammunition than the gun was originally manufactured to carry, thereby increasing its potential to do greater harm." *United States v. Blackson*, No. 23-CR-25 (BAH), 2023 WL 1778194, at *7 (D.D.C. Feb. 6, 2023), *aff'd*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Defendant's possession of firearms with extended magazines in combination with his drug trafficking, further amplifies the dangerousness of his offenses here.

Furthermore, in addition to the Defendant's possession of firearms in combination with involvement in drug trafficking, the Court should also consider potential penalty he faces upon conviction for the offenses charged. Violations of 21 U.S.C. § 841 and 18 U.S.C. § 924(c) carry a mandatory minimum penalty of five years imprisonment and up to 5 additional years for § 841 and up to life for § 924(c). 21 U.S.C. § 841(b)(1)(D); 18 U.S.C. § 924(c)(1)(A)(i). The significant prison time the Defendant could serve out further underscore the seriousness of his offenses and their dangerousness to the community.

B.  <u>Weight of the Evidence</u>

The overwhelming evidence against the Defendant weighs in favor of detention. Law enforcement observed the defendant carrying a Maryland concealed carry permit for a firearm, which led to a search of his car. He was the only person in the car at the time.

In the car, officers found a gun, forty rounds of ammunition, an extended magazine, more than a pound of marijuana, much of which was already packaged for sale, and numerous items of drug paraphernalia including a digital scale, numerous vape pens, and a grinder.

The evidence against the Defendant is compelling and strongly supports pretrial detention.

C.  <u>History and Characteristics of the Defendant</u>

The government notes that the Defendant's history and characteristics weigh against detention as the Defendant has no prior criminal history.

D.  <u>Nature and Seriousness of the Danger to Any Person or the Community</u>

The nature and seriousness of the danger to any person or the community that the Defendant's release poses also strongly support pretrial detention. The Defendant's conduct here demonstrate that his conditional release would pose a danger to the community. The presumption under § 3142(e)(3)(A), establishes that narcotics trafficking remains an "inherently dangerous activity." *See United States v. Bethea*, 763 F. Supp. 2d. 50, 54 (D.D.C. 2011) (Lamberth, J.). This, in combination with firearms, demonstrate a heightened danger to the community. The Defendant should not be allowed to continue his criminal conduct.

## **CONCLUSION**

For the foregoing reasons and given the assessment of all relevant factors, the government respectfully submits that no condition or combination of conditions will reasonably assure the appearance of the defendants as required, nor the safety of the community in this case.

8

Accordingly, the government respectfully requests that the Court grant the government's motion to detain the defendant pending trial.

           Respectfully submitted,
           JEANINE FERRIS PIRRO
           United States Attorney

BY:    */s/ Peter V. Roman*
      Peter V. Roman
      Assistant United States Attorney
      D.C. Bar No. 984996
      (202) 252-7115
      Peter.Roman@usdoj.gov
      U.S. Attorney's Office for the District of Columbia
      601 D Street NW, Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

    I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on August 26, 2025.

                       By:    */s/ Peter V. Roman*

                               Peter V. Roman
                               Assistant United States Attorney